(Hamilton County Court of Common Pleas.)

HENRY FRICKE ET AL. *v.* CITY OF CINCINNATI ET AL.

---

1. Where a street assessment is found to be excessive, or the proceedings in making the improvement or assessment are found to be defective, and the court proceeds under the law (sec. 2289) to fix the amount properly assessable. interest may be allowed thereon from the time fixed by the ordinance for the payment of the assessment. *Gest* v. *Cincinnati*, 26 Ohio St. 275.
2. If installments have been paid on account of such erroneous or excessive assessment, any excess thereof so paid, whether principal or interest, should be credited upon the subsequent installments, not ratably, but in the order in which they mature. *Pike*. v. *Cummings*, 36 Ohio St. 213.

(Decided November, 1894.)

---

BUCHWALTER, J.

The issues between the various plaintiffs and the city involving the assessable frontage, and the assessable value of the respective lots, have heretofore been determined; and now a further question is submitted as to the plaintiff Gade's lot which was by an ordinance, dated July 28, 1893, assessed $476.19, with option until August 17, 1893, to pay in cash, otherwise to be paid in ten annual installments, including five per cent. interest. Gade did not sign any petition for the improvement, or as to the manner of assessment, or time of payment.

While this suit was pending, Gade paid the city, August 17, 1894, $71.43, the amount of the first installment.

The court has found in the trial of this cause that Gade's assessment was excessive, and the true amount thereof has been fixed at $275.00. The contention now is, whether that part of the payment of $71.43, representing the interest on the excessive assessment (of $476.19) to-wit: $23.81, should, with the part representing the one-tenth of the principal, to-wit: $47.62, be credited on said $275, the corrected assessment. My conclusion is that it should be so credited.

In *Pike et al.* v. *Cummings*, 36 Ohio St. 213, where the assessment was

excessive, and included interest, the court held "where an assessment for a street improvement is payable in annual installments, some of which have been paid and others remain unpaid, and it appears that those paid were in excess of the rate limited by law, such excess should be deducted from subsequent installments, not ratably, but in the order in which they mature."

All essential facts were the same as in the case at bar, but the special inquiry as to the credit of the *interest part* of the excessive installments paid does not appear to have been made in that case. In principle, however, the court necessarily held that such interest payments should be credited, like the principal or cash part thereof, upon the first accruing subsequent installments.

All of the original assessment on Gade's lot in excess of $275.00, or twenty-five per cent. of its value, should have been ordered paid out of the general revenue (or improvement fund) as per section 2271, and could not be assessed on the abutting feet front. *Upington et al. v. Oviatt, Treas., et al.*, 24 Ohio St. 232.

Therefore the city was not mislead by Gade's payment of the excessive installment, and has not thereby been put to disadvantage, for in any event the excessive part of the assessment must be paid out of the general revenue.

This rule of crediting the whole of any installment paid on account of an excessive assessment, as stated in *Pike* v. *Cummings*, is just and equitable, and should not be restricted or limited in its application where the facts present substantially the same issue.

A further issue is made as to the date when interest shall be allowed on the amount of the assessment as limited by the court; whether from the date of the judgment herein, or of the date fixed in the assessing ordinance.

It would seem logical and equitable that where the court finds an assessment invalid only as to its excessiveness, and limits the amount thereof chargeable against the property, and the owner has not made any tender to pay such sum, or if he has paid any installment of the excessive amount (including principal and interest), that such correct amount ought to draw interest from the date fixed in the assessing ordinance, instead of from the date of the decree of the court.

The plaintiff asking equity must do equity. It is as reasonable that the owner may know the value of his property assessed as that the city officials may know it, and, therefore, that he may as well know the part that he should tender to pay, if the city has erred in that regard. And if he has paid some of the installments assessed, as they accrued, the inference is that he intended the same to be credited as of the date named in the ordinance, unless he gave notice otherwise.

In *Gest* v. *City of Cincinnati*, 26 Ohio St. 275, the rule is stated to be "where the assessment proceedings are found to be defective, in ascertaining the amount properly chargeable against the lot-owner, under section 550, (2289), *interest may be allowed from the time fixed for the payment of the assessment.*" It is true in that case the court found the assessment invalid, but found the amount under said section 550 (2289), properly assessable, to be the same sum named in the assessment. The fact that the amount assessed by the decree of court *equaled* the amount assessed by the ordinance of council, does not appear from anything said in the opinion or that may logically be said, as controlling the rule therein stated. If the trial court had found a less amount assessable than that named in the ordinance, the rule as stated by the Supreme Court would necessarily fix the date in the assessing ordinance as the time when interest accrued.

I am given the record of the case of *Reilly et al.* v. *City of Cincinnati*, where

it appears the trial court found the assessment excessive and held that interest be charged from the date named in the assessing ordinance. On appeal the circuit court found, but (without a reported opinion), that neither the ordinance nor the decree of court were correct assessments, but were excessive, and, thereupon, fixed a less amount, nevertheless did not charge such corrected amount with interest from that date, but from the date fixed by the common pleas court, in its erroneous assessment. The plaintiffs still complaining of this latter assessment made by the circuit court, filed a petition in error to the Supreme Court, which court affirmed the judgment of the circuit court without report. See 31 Bull. 263. This affirmance of the judgment, however, did not involve an opinion on the interest question, because the decree of the circuit court was to the favor and not to the prejudice of the plaintiff in error; it was on other grounds the proceeding in error was prosecuted.

A different rule as to the date when interest is chargeable was stated in *Burkhardt* v. *City of Cincinnati*, 7 C. C. 260, which it would be my duty to follow, but in view of the unreversed rule stated in *Gest* v. *Cincinnati*, I do not consider that I should apply the former to the present case, especially presenting the additional fact that the plaintiff herein paid the first installment of the assessment when due, and thereby raised the inference that he intended the interest to be calculated on the basis of the date fixed in the ordinance. .

This conclusion is in accordance with the rule long recognized by our trial courts. The corrected assessment will draw interest from the date named in the ordinance, the payment of the first installment, principal and interest, will be credited as of the date when made, and the excess paid will be credited upon the next accruing installments in the order in which they may mature.

The various cases involving the same issue, and argued in this, will without further hearing, have like decree.

*Berry & Cosh*, and *Frank C. Ampt*, for plaintiff.

*Hertenstein, Dinsmore and others*, for City.